## Dukes v. Commonwealth.

(Decided October 13, 1922.)

Appeal from Christian Circuit Court.

1.  Searches and Seizures—Evidence Under Invalid Warrant—Intoxicating Liquors.—Evidence procured under an invalid search warrant, when objected to, cannot be admitted to prove the guilt of the one against whom it is sought to be used.

2.  Searches and Seizures—Search Warrant—Evidence.—A search warrant, with the affidavits on which it is based, offered in evidence, is admissible solely for the purpose of determining whether the evidence procured in executing the warrant is competent.

3. Searches and Seizures—Motion to Quash Warrant—Evidence.—A motion to quash a search warrant that has been executed does not raise the question of the competency of the evidence procured in executing it. If one desires to avail himself of the incompetency of evidence so procured, he must make objection to it at the time it is offered, and if no objection is made at that time, it will be received and considered as competent.

4. Searches and Seizures—Invalid Warrant—Evidence.—Evidence procured under an invalid search warrant, admitted over the objection of the accused, while incompetent, is held not to have been prejudicial in this case, in view of the fact that other evidence of substantially the same facts was previously admitted without objection.

O. H. ANDERSON for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

John Dukes was convicted in the Christian circuit court of the offense of unlawfully having in his possession spirituous and intoxicating liquors for the purpose of sale, and was sentenced to serve sixty days in the county jail and to pay a fine of one hundred dollars. He is appealing, and insists that the judgment should be reversed (a) on the ground of the admission of incompetent evidence procured under an illegal search warrant, and (b) because the verdict of the jury is not supported by the evidence.

On the first ground mentioned, the competency of the evidence is attacked because, (1) the search warrant under which it was procured was not executed until seven days after it was issued; (2) the affidavit on which the warrant was issued was made by two police officers of the city of Hopkinsville, and not by a state or Federal officer and one other reputable citizen or by two reputable citizens, as provided in the act of March 23, 1920; and (3) the affidavit is not sufficient on its face to show probable cause for the issuing of the warrant.

It is an undeniable rule in this jurisdiction that evidence procured under an invalid search warrant, when objected to, can not be admitted to prove the guilt of one whose houses, papers or possessions have been unlawfully searched. But it is similarly true that the admissibility of the evidence must be drawn in question, and, unless objection is made to it at the time it is offered, it will be admitted and considered as competent.

Without expressing an opinion on the first two points of this ground, it may be noted with reference to the third that the affidavit for the warrant merely states the conclusion and belief of the officers who procured it, and not any fact or circumstance upon which the officer issuing the warrant could determine that probable cause existed for the belief that a public offense had been committed. In Price v. Commonwealth and Cooley and Crawford v. Commonwealth, decided by this court September 26, 1922, we held that evidence obtained under a warrant issued on affidavits of this kind is inadmissible. It follows, therefore, that the judgment must be reversed if timely objection was made to the introduction of the evidence procured under this warrant.

Looking to the record to determine the merits of the question just suggested, we find that Ellis Roper, one of the officers who made the affidavit, testified to having searched the premises under the warrant. The warrant was then offered in evidence and counsel for appellant "excepted" to the reading of it and moved to quash it. The motion was overruled, and the warrant read, and thereupon the Commonwealth offered in evidence the affidavit on which it was issued, and counsel for appellant suggested that the affidavit be considered as read. The affidavit was read, and the Commonwealth then proceeded. with the examination of the witness and proved by him, without objection, that in making the search the officers found two jugs and a jar of white liquor, all of which was put in evidence, without objection. Counsel for appellant, in cross-examining the witness, caused him to reiterate his former statements as to the circumstances of the search resulting in the discovery of the liquor. No objection was made to any of the testimony of this witness, nor to the jugs and jar of liquor that were introduced in evidence. It is true that appellant objected to the reading of the warrant, and moved to quash it, but at no time during the testimony of this witness did he object to the evidence as to what was found in making the search, or to the introduction of the whiskey itself. The court could not quash a search warrant already executed, even though it was invalid, and if appellant desired to avail himself of the incompetency of evidence procured under the warrant, he should have objected to the introduction of the evidence when offered, and it would then have been the duty of the court to examine the warrant and the affidavit on which it was based, and determine whether the

evidence procured thereunder was or was not admissible. Neither the warrant nor the affidavit on which it was based tended to prove or disprove the charge; they had no place in the record except to be considered by the court in determining whether or not the evidence procured in executing the warrant was competent, and, under our practice, that question can only be raised by objection to the evidence when it is offered. The question was not raised on the examination of Roper, and we must, therefore, hold that it was not error to allow his testimony to go to the jury.

W. D. Hawkins, another officer who signed the affidavit, testified for the Commonwealth, but appellant objected to all of his testimony given by virtue of the search warrant. The objection was overruled, and the witness was permitted to state facts similar to those detailed by Roper. This testimony should not have been admitted, for it was clearly incompetent; but the testimony of the former witness, having been admitted without objection, was entitled to and did go to the jury as competent evidence. Hawkins' testimony revealed nothing in addition to what was shown by Roper. Furthermore, W. C. Cobb, who was also in the searching party, subsequently testified to substantially the same facts as Roper, and his testimony on direct examination was not objected to, although a motion was made, during the cross-examination, to strike it from the record. Appellant, when put on the witness stand, admitted practically all the facts disclosed in the testimony of Roper. It seems clear to us, therefore, that Hawkins' testimony, though incompetent, was not prejudicial, since it cannot be said to have influenced the verdict in view of the facts mentioned, and especially in view of the evidence to the same effect previously admitted without objection.

It is next insisted for appellant that the proof of the Commonwealth is insufficient to sustain a judgment of conviction. In this connection, attention is called to the fact that the liquor was found at the home of appellant's son, and it is said, that although appellant did not deny that it belonged to him, there is no fact or circumstance shown that would reasonably induce the belief that he had it in his possession for the purpose of sale. Counsel emphasize the point that he had been a licensed distiller, and that he testified that the whiskey was made in 1916 at his registered distillery. The mere finding of liquor in one's possession, under conditions such as disclosed here,

might not be sufficient to warrant the belief that it was possessed for the illegal purpose of sale, but we have often held that criminal offenses, and particularly offenses against the liquor laws, may be proved by circumstances. Gordon v. Commonwealth, 136 Ky. 508; Commonwealth v. Little, 140 Ky. 550; Peters v. Commonwealth, 154 Ky. 689; Mobley v. Commonwealth, 190 Ky. 424; and Knight v. Commonwealth, 194 Ky. 563. With this rule in mind we cannot view the facts in this case in the light of the construction placed on them by counsel for appellant, for it appears in the proof that a considerable number of men were seen at different times going into and returning from the house in which the liquor was stored; that the men were not friends of the accused, and having gone into the house, would remain there but a short time and then leave. It also appears that one man, on leaving the building, made some sort of a sign that could reasonably be construed as indicating the accomplishment of some secret purpose. There was also evidence to the effect that appellant had been seen several times carrying bundles, that had the appearance of jars, to a soft drink stand close to the building that he occupied when the liquor was discovered. In addition to this evidence, appellant's story of how he came into the possession of the liquor is not at all convincing. All these circumstances, with others, appearing in the record, as we view their probative value, are ample to support the conviction.

The judgment is affirmed.