## Minch v. Commonwealth.

(Decided February 17, 1925.)

### Appeal from Shelby Circuit Court.

1. Criminal Law—Credibility of Witnesses for Jury, whose Verdict is Final.—Credibility of witnesses is for jury, whose verdict on facts is final.

2. Criminal Law—Introduction of Incompetent Evidence Without Objection During Trial Not Ground for Reversal.—Appellant cannot have reversal of judgment because of incompetent evidence, which he did not object to at time of introduction or during trial, but first brought to court's attention in motion and grounds for new trial.

TODD & BEARD and E. H. DAVIS for appellant.

FRANK E. DAUGHERTY, Attorney General, R. F. MATTHEWS, H. B. KINSOLVING, JR., and BECKHAM, GILBERT & MATTHEWS for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant Minch relies upon two grounds for a reversal of the judgment against him based upon a charge of selling intoxicating liquors in violation of law. They are, (1) the verdict is flagrantly contrary to the law and evidence; and (2), the trial court admitted evidence of a separate offense not connected in time or circumstance with the offense charged in the warrant. His punishment is fixed at a fine of $300.00 and thirty days'

imprisonment in the county jail. Appellant operates a confectionery, restaurant and soda fountain on one of the principal streets in the city of Shelbyville, not far from the courthouse. It is said by his counsel that he is a man of good character and that his truth and veracity have never been questioned. Furthermore, that he has never been charged with a public offense, and a number of his neighbors, prominent citizens, were called to prove his good reputation, and did so. On the other hand, it is asserted by counsel for appellant that the chief prosecuting witness, Dott Harris, a colored man, is of bad character and that he is not entitled to credit upon oath.

This witness testified that on the night of January 19, 1924, he was in Shelbyville with some white men and was sent by one of them to the place of business of appellant to buy a half pint of whiskey, being given a two-dollar bill with which to make the purchase; that pursuant to his instruction he went to the place of appellant where he often had been before, and calling appellant aside told him he wanted a half pint of whiskey, whereupon appellant put a half-pint bottle of whiskey in a paper bag and gave it to appellant, receiving in payment therefor the two dollar bill out of which appellant gave the witness fifty (50c.) cents in change; that the witness immediately left the restaurant of appellant and went to the automobile where two or three white men were waiting and delivered the whiskey to the man who had given him the two dollars. The bottle was there opened and found to contain whiskey, each one taking a drink of it. Shortly thereafter the witness was taken by police officers before a magistrate or judge, where he swore to an affidavit upon which a warrant was issued for appellant, and another affidavit was made upon which a search warrant for appellant's restaurant was issued. The witness, Dott Harris, is sustained in all this by the evidence of two or three other persons, one of them to the effect that he gave Harris the two-dollar bill to get the whiskey and directed him where to go; that he watched him go into the restaurant of appellant and later saw him come out, and that when he came to the automobile he found in Harris' pocket in a paper bag one half pint of red whiskey. Other witnesses testified in substance the same, one of them saying he entered the restaurant immediately after Harris went in and saw him make the purchase from appellant.

In response to this appellant, through counsel, argues that the witness Dott Harris was not entitled to belief and that the jury should not have found appellant guilty. This is a matter which addressed itself to the sound discretion of the jury and which goes to the credibility of the several witnesses who testified. Appellant denied his guilt and called other witnesses to support him. It was within the province of the jury to pass upon the credibility of the witnesses and to find the truth from the evidence introduced. It rejected the evidence of appellant and accepted that of Harris and the several other witnesses who corroborated him. This it had a right to do, and having done so its verdict upon the facts is final.

(2) The search warrant issued immediately after the sale of whiskey was executed by a policeman and other prohibition officers and in doing so a jug of intoxicating liquor was intercepted at the back door of the restaurant of appellant as it was being carried out for the purpose of destruction. This container, practically full of whiskey, was introduced by the Commonwealth as evidence upon the trial of appellant for selling whiskey to Harris.

Appellant was represented by able counsel. When the evidence was offered concerning the jug of whiskey appellant made no objection thereto. On the contrary, counsel for appellant carefully cross-examined the witness concerning the finding of the jug of whiskey. No motion was made to exclude the testimony concerning the jug of whiskey. A policeman who testified concerning the finding of the jug at the back door of appellant's place of business in the hands of one of his clerks was asked by counsel:

"Q. Now, when you first saw that jug it was entirely full wasn't it? A. Very near full. Q. Wasn't it full? A. I could not say exactly full. Q. Some liquor had been taken out of it since you first saw it? A. Yes, sir, there was some taken out of it and tested.

Re-direct examination:

"Q. What did you say became of the balance that was not in there (jug)? A. Taken over and tested."

Here the Commonwealth closed its evidence, and appellant thereupon took the stand in his own behalf without objecting to the testimony concerning the jug of whiskey and without moving to exclude it. An appellant cannot have a reversal of a judgment on account of incompetent evidence to which he did not object at the time of its introduction or during the trial so as to give the court an opportunity to pass upon its competency. The first time it was brought to the attention of the court in this case was by motion and grounds for new trial, which was too late. Dukes v. Commonwealth, 196 Ky. 60.

For the reasons indicated the judgment is affirmed.