## STATE v. HARRY ANTHONY.

(Filed 28 February, 1934.)

**Receiving Stolen Goods B b—Evidence of guilt of receiving stolen goods knowing them to have been stolen held insufficient to overrule nonsuit.**

Evidence from which the jury might infer that stolen goods were thereafter in the constructive possession of defendant will not justify an inference that at such time defendant knew the goods to have been stolen, and where the evidence is sufficient to support only the first inference the defendant's motion as of nonsuit should be allowed.

APPEAL by defendant from *Small, J.,* at January Term, 1934, of WASHINGTON. Reversed.

The defendant was tried on an indictment in which Robert Lee Hill and defendant were charged (1) with unlawfully and feloniously breaking and entering into the warehouse of the Norfolk Southern Railroad

Company at Roper, N. C.; (2) with the larceny of four bags of peas, the property of the said Norfolk Southern Railroad Company; and (3) with unlawfully and feloniously receiving four bags of peas knowing them to have been stolen.

Robert Lee Hill entered a plea of guilty, as charged in the indictment. The defendant was convicted of receiving stolen goods, knowing them to have been stolen.

From judgment that he be confined in the common jail of Washington County for a term of not more than twenty-four or less than fifteen months, the defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Bruton for the State.*

*P. H. Bell for defendant.*

CONNOR, J. At the close of the evidence for the State, the defendant moved for judgment as of nonsuit. C. S., 4643. The motion was allowed as to the first count in the indictment, and denied as to the second and third counts. The defendant excepted to the refusal of his motion as to the second and third counts in the indictment, and offered evidence in support of his plea of not guilty. At the close of all the evidence the defendant again moved for judgment as of nonsuit. The motion was denied, and defendant excepted. On his appeal to this Court, defendant contends that there was no evidence at the trial tending to show that he is guilty either of larceny or of receiving stolen goods knowing them to have been stolen. After a careful examination of the evidence appearing in the case on appeal, we are of the opinion that defendant's contention must be sustained. For that reason the judgment is reversed.

There was no evidence tending to show that the goods which were stolen by Robert Lee Hill were at any time thereafter in the possession, actual or constructive of the defendant, or that defendant, when he was in the company of Robert Lee Hill on Sunday night, knew that the goods which were then in the possession of Robert Lee Hill had been stolen by him on Saturday night, when he broke and entered into the warehouse at Roper. But conceding that the jury could infer from all the evidence that the goods were in the constructive possession of the defendant, this fact alone could not justify the inference that defendant knew that the goods had been stolen by Robert Lee Hill. *S. v. Lowe,* 204 N. C., 572, 169 S. E., 180.

There was error in the refusal of defendant's motion for judgment as of nonsuit at the close of all the evidence. The judgment is

Reversed.