STATE v. C. C. ELLERS.

(Filed 7 June, 1951.)

**1. Receiving Stolen Goods § 6—**

Evidence to the effect that after the commission of a larceny the perpetrators of the offense told defendant about it and gave him a dollar, but that when asked if he gave defendant a dollar that had been stolen, the witness stated that he had other money of his own, *is held* insufficient to be submitted to the jury on a charge of receiving stolen goods with knowledge that they had been stolen.

**2. Criminal Law § 52a (2)—**

Evidence which raises a mere conjecture or suspicion of guilt, or a mere possibility of the existence of an essential element of the offense, is insufficient to be submitted to the jury.

**3. Receiving Stolen Goods § 6—**

Evidence to the effect that after committing a larceny the perpetrators of the offense told defendant about it, counted the stolen money in his presence and agreed to divide it among themselves, that thereafter one of them hid the money in defendant's yard, and that defendant in company with several officers went to search for it and found it in defendant's yard, *is held* sufficient to be submitted to the jury on the charge of receiving stolen goods with knowledge that they had been stolen, since constructive possession as well as actual possession, is sufficient predicate for the offense.

**4. Criminal Law § 57b—**

Where after verdict but before judgment a State's witness makes a repudiation of his testimony upon which the State relied for conviction and without which there would have been insufficient evidence to be submitted to the jury, the court should allow defendant's motion to set verdict aside.

APPEAL by defendant from *Sharp, Special Judge,* November Term, 1950, of GRANVILLE.

The defendant was tried upon three bills of indictment. Bill No. 26968 charged the defendant with aiding and abetting James Cockrell and Clarence Bell in the felonious and unlawful breaking, entering and larceny of money from W. B. Taylor's Store and the Blind Shop at Butner, North Carolina. No. 26968-(a) charged the defendant with breaking and entering W. B. Taylor's Store, and with larceny and receiving, and No. 26968-(b) charged the defendant with breaking and entering the Blind Shop, and with larceny and receiving.

The State offered little or no evidence in support of the charge of aiding and abetting or breaking and entering and larceny, and a motion interposed for judgment as of nonsuit, at the close of the State's evidence, was allowed as to these counts, but overruled as to receiving.

James Cockrell and his step-father, Clarence Bell, were rooming and boarding at the home of the defendant Ellers. Ellers and his wife were employed at the State Hospital at Butner. Cockrell was employed by a wholesale house in Durham as a traveling salesman and used Ellers' automobile in his work.

The evidence as to receiving tends to show that on 17 February, 1950, in the early morning hours, Cockrell and Bell broke into and entered W. B. Taylor's Store and took some cigarettes and two or three dollars in cash from the cash register. Cockrell testified that sometime later he went to the hospital and told Ellers what he had done and gave him a dollar. When asked if he gave Ellers a dollar that was stolen from Taylor's Store, he stated he had other money of his own.

On 21 February, 1950, Cockrell and Bell broke into the Blind Shop at Butner, and took approximately $120.00 from the cash register. Cockrell testified: "After we broke into the Blind Shop we counted the money in Ellers' front room. Ellers was there at the time. We were going to divide the money three ways. We wanted to get enough money to open up a cafe." Cockrell also testified that he smoked the cigarettes taken from Taylor's Store and that the two or three dollars in change taken from Taylor's Store was hid with the other money by Bell. Bell told the officers that he hid the money in Ellers' yard. Ellers and several officers went to search for it, and Ellers found $122.00 tied up in a pocket hand-

kerchief about fifty feet from his steps under some broomstraw. According to the State's evidence, neither Cockrell nor Bell discussed either the larceny and breaking and entering of Taylor's Store or the breaking and entering of the Blind Shop with Ellers, and he knew nothing about it until they told it at a later date.

According to the record, subsequent to breaking into Taylor's Store and the Blind Shop at Butner, North Carolina, James Cockrell was convicted of breaking and entering twenty-one places in Rocky Mount, North Carolina.

No evidence was offered by the defendant.

The jury returned a verdict of guilty of receiving stolen property, knowing it to have been stolen, as charged.

After verdict, but before sentences were imposed, James Cockrell requested permission to return to the stand and correct the misstatements made in his testimony at the time of the trial. He was permitted to do so, and testified: "Ellers was in bed in another room and did not see him and Bell when they counted the money."

Whereupon, counsel for defendant moved to set the verdict aside. Motion denied, and the defendant excepted.

From the judgments entered on the respective counts, the defendant appeals and assigns error.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Charles G. Powell, Jr., Member of Staff, for the State.*

*T. S. Royster for defendant.*

DENNY, J. The only evidence that tends to show that Ellers may have gotten any of the money taken from Taylor's Store, is found in Cockrell's testimony. And his testimony in this respect is to the effect that he gave Ellers a dollar, but in response to a direct question as to whether he gave him a dollar that he had stolen from Taylor's Store, he stated that he had other money of his own. Moreover, he testified that he smoked the cigarettes and that the two or three dollars in change taken from Taylor's Store was hid with the other money.

The burden being upon the State to show beyond a reasonable doubt that the defendant was guilty of the crime charged, it is our opinion that the State's evidence with respect to receiving under that count, in bill No. 26968-(a), was insufficient to justify its submission to the jury. "Evidence which merely shows it possible for the fact in issue to be as alleged, or which raises a mere conjecture that it was so, is an insufficient foundation for a verdict and should not be left to the jury." *S. v. Vinson,* 63 N.C. 335; *S. v. Carter,* 204 N.C. 304, 168 S.E. 204; *S. v. Madden,* 212 N.C. 56, 192 S.E. 859; *S. v. Adams,* 213 N.C. 243, 195 S.E. 822;

*S. v. Todd,* 222 N.C. 346, 23 S.E. 2d 47; *S. v. Harvey,* 228 N.C. 62, 44 S.E. 2d 472; *S. v. Webb,* 233 N.C. 382, 64 S.E. 2d 268; *S. v. Jarrell,* 233 N. C., 741.

The ruling of the court below on the motion for judgment as of nonsuit on the count charging the defendant with receiving stolen goods, knowing them to have been stolen, in bill No. 26968-(a), is reversed.

As to the ruling of the court on the motion for judgment as of nonsuit on the count in bill No. 26968-(b), charging the defendant with receiving, we think the evidence offered by the State was sufficient to warrant its submission to the jury. *S. v. Stathos,* 208 N.C. 456, 181 S.E. 273; *S. v. Wilson,* 176 N.C. 751, 97 S.E. 496. "To constitute the crime of receiving it is not necessary that the stolen goods should be traced to the actual personal possession of the person charged." *S. v. Stroud,* 95 N.C. 626. Actual or constructive possession of property, knowing or having reasonable grounds to believe that it has been stolen, is sufficient to support a conviction of the crime of receiving. 53 C.C.J., Sec. 8, p. 505; *S. v. Anthony,* 206 N.C. 120, 173 S.E. 47; *Longman v. Commonwealth,* 167 Va. 461, 188 S.E. 144. In the last cited case the court held that "while reception of the stolen goods by the accused must be substantially proven, actual physical handling by him is not necessary. It is well settled that constructive possession is sufficient."

However, when the jury returned its verdict of guilty under bill No. 26968-(b), and the court then permitted the witness, on whose testimony the State relied for the conviction of defendant, to take the stand and repudiate his testimony as to the presence of the defendant when the witness and Bell counted the money stolen from the Blind Shop, in the front room of defendant's home, the court should have allowed the motion of defendant to set the verdict aside.

This evidence did not merely tend to contradict a former witness or to impeach or discredit him, *S. v. Casey,* 201 N.C. 620, 161 S.E. 81, but it was a repudiation of his own testimony, without which the State did not offer sufficient evidence to support a conviction of the crime of receiving. Therefore, the decisions ordinarily applicable to newly discovered evidence will not be held as controlling upon a factual situation like that disclosed by the present record.

The verdict will be set aside and a new trial is ordered.

Bill No. 26968-(a)—Reversed.

Bill No. 26968-(b)—New trial.