STATE v. WAYNE BUFORD RODDY.

(Filed 14 December, 1960.)

**Criminal Law § 125—**

Findings, supported by evidence, to the effect that although witnesses had signed affidavits indicating honest mistakes in their testimony at the trial, these witnesses, upon the hearing of the motion for a new trial, testified that they were not mistaken at the time of trial but were mistaken as to the facts when they signed the affidavits, and therefore, if a new trial were awarded, would give testimony to the same effect as their testimony at the trial, support the denial of a motion for a new trial for newly discovered evidence, and the findings are conclusive on appeal.

APPEAL by defendant from *Gambill, J.,* May 1960 Term, of SURRY.

Defendant, charged with murder, was convicted at the April 1959 Term of manslaughter. Prison sentence was imposed. He appealed. The judgment of the lower court was affirmed. See 251 N.C. 463, 111 S.E. 2d 581. Defendant thereupon promptly filed in the Superior Court his motion for a new trial on the ground of newly discovered evidence.

When tried on the homicide charge, defendant contended deceased was shooting at defendant's father, and he, defendant, acted only to save his father from death or serious injury. In contradiction of defendant's claim, the sheriff and his deputy testified that while the pistol which deceased had was cocked, it was on safety and would not fire.

In support of defendant's motion for a new trial for newly discovered evidence, he filed affidavits by the sheriff and his deputy indicating an honest mistake in their testimony at the trial. In these affidavits it was stated that upon subsequent investigation affiants discovered that the pistol would fire with the safety latch

in the position when the pistol was found immediately following the killing.

At the hearing on the motion for the new trial, the sheriff and his deputy testified that further experiments with the pistol had demonstrated that the testimony given at the trial was true and their affidavits were erroneous. Based on this testimony the court found: ". . . that the officers were not mistaken at the time of the trial in their conclusion that the pistol would not fire, and were mistaken in the conclusion that it would fire when they examined it following the day of the trial and adjournment of Court for that on this occasion the officer did not use live ammunition.

"The Court therefore is of the opinion and so finds that there is not now before the Court any newly discovered evidence on which to base a new trial in this cause, since the officers would testify to the same effect with respect to the pistol at a new trial as they testified to at the first trial in this case."

*Attorney General Bruton and Assistant Attorney General Rountree for the State.*

*Barber & Gardner for defendant, appellant.*

PER CURIAM. Defendant excepts to the facts found by the court, but supported by the evidence as they are, the findings are conclusive. Based on the finding that there was no newly discovered evidence, there was no ground on which defendant's motion could be granted. *S. v. Casey,* 201 N.C. 620, 161 S.E. 81. The judgment denying the motion is

Affirmed.