STATE of Missouri, Respondent,

v.

Phillip Anthony SIMONE, Appellant.

No. 52497.

Supreme Court of Missouri,
Division No. 2.

June 12, 1967.

Motion for Rehearing or for Transfer to Court en Banc Denied July 10, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, Eugene E. Reeves, Sp. Asst. Atty. Gen., Caruthersville, for respondent.

Lewis E. Pierce, Robert G. Duncan, Pierce, Duncan, Beitling & Shute, Kansas City, for appellant.

STOCKARD, Commissioner.

Defendant was found guilty by a jury of receiving stolen property in violation of § 560.270 RSMo 1959, V.A.M.S., and sentenced to two years imprisonment. He has appealed from the ensuing judgment.

Section 560.270 provides that every person who shall "buy, or in any way receive, with intent to defraud, any property that shall have been stolen from another, knowing the same to have been stolen, shall, upon conviction, be punished in the same manner and to the same extent as for the stealing of the property so bought or received." The indictment in this case, stripped of its formal matters, charged that the defendant on August 23, 1963, "did then and there unlawfully, knowingly and feloniously buy and receive, with intent to defraud Albert Price Cordier" certain property therein described all of the value of $50, "knowing the same property had been stolen."

Defendant asserts that the indictment is fatally defective in that it "failed to allege the ownership of the property, and failed to allege that the property was in fact stolen, or that it was stolen by someone else."

Criminal Rule 24.01, V.A.M.R., provides, in part, that "[t]he indictment * * * shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. * * * It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement." The purpose of these requirements has been thus stated: "First, to furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had." United States v. Hess, 124 U.S. 483, 8 S.Ct. 571, 574, 31 L.Ed. 516; State v. Mace, Mo., 357 S.W.2d 923. In order to accomplish this purpose the charges of an indictment should be pleaded with definiteness and certainty, and nothing of substance should be left to intendment or implication. State v. Stringer, 357 Mo. 978, 211 S.W.2d 925, 929. Where a statute defines the criminal offense and sets forth all of its elements, the better practice is for the indictment to follow the language of the statute, but an indictment will not be held insufficient for failure to do so if words of similar import are employed. State v. Harris, Mo., 313 S.W.2d 664, 669, State v. Carter, Mo., 64 S.W.2d 687, 688.

The indictment in this case is inartfully drawn in that it does not follow the language of Section 560.270. However, poor draftsmanship alone does not necessarily result in an indictment being fatally defective.

 The ownerhsip of the property previously stolen and received by the accused is not made an element of the offense defined in Section 560.270. It may be that evidence of ownership will establish proof of some essential element, but, an allegation of ownership is not essential to a charge by indictment of this statutory offense when the indictment otherwise sufficiently describes the property, which it did in this case. Sterling v. United States, 9 Cir., 333 F.2d 443, certiorari denied 379 U.S. 933, 85 S.Ct. 333, 13 L.Ed.2d 344; State v. Peters, 146 Mont. 188, 405 P.2d 642.

 We cannot agree that the words used in the indictment did not charge that the property was stolen by someone other than defendant. The indictment charged that defendant *knew* the property had been stolen when he received it; not that he believed it had been stolen. Accepting as true this statement, the allegation sufficiently states that the property was stolen because if it had not been stolen defendant could not have known that it was. Also the indictment charged that defendant received the property with intent to defraud Albert Price Cordier. Therefore, defendant could not have received property that was his own while entertaining that intent. Also, the allegation that at the time defendant received the property it had previously been stolen precluded the defendant as the one who was thief. Defendant could not have received it from himself, and this was a sufficient allegation that it had been stolen by someone other than defendant.

 As previously stated, this indictment was inartfully drawn. In fact its drafting implies carelessness. It would have been subject to a bill of particulars pursuant to Criminal Rule 24.03. But, the fact that an indictment may be subject to a bill of particulars does not necessarily mean that it is constitutionally defective. Taylor v. United States, D.C., 224 F.Supp. 82. Defendant never asked for a bill of particulars and never challenged the indictment for any reason. He obviously was never misled as to the precise charge made against him, and by reason of the language of the indictment he was in no way hampered in the preparation of his defense. We rule the indictment was sufficient.

Defendant asserts that his motion to suppress evidence was erroneously overruled in that "the search warrant was issued for the search of premises other than those searched and it was illegally changed to the address of the premises searched without the filing of a complaint or the taking of testimony." He also asserts that the court erred in admitting in evidence items seized under authority of the search warrant which were not mentioned therein.

Prior to the trial of this case defendant filed a motion to suppress evidence "taken from the person and/or home of the defendant" on the following grounds: (1) the search and seizure "were made without warrant and without other lawful authority;" (2) the search warrant "which was in fact used" was not "for the property from which the merchandise was taken and the later search warrant was not supported by information by a reliable informant;" (3) the arrest of defendant was illegal; and (4) "the search and seizure violated" defendant's constitutional rights. The search warrant was issued by a magistrate upon complaint of police officer Phil Ratcliff. The place authorized to be searched was described in the warrant as "a one-story brick building with basement located at 3705 St. John, Kansas City, Jackson County, Missouri." The building intended to be described was located at 3703 St. John, and the evidence is not clear whether the description used in the warrant

was a typographical error or whether the police officer mistakenly so described the building. In any event before any service was attempted the warrant was returned to the magistrate who changed the address to 3703 St. John, and the warrant was then served and the premises were searched. According to the return and inventory on the back of the warrant five items, consisting of three television sets, a tape recorder and a movie camera, were seized. Defendant now contends that some of these items were not described in the search warrant, but this contention was not mentioned in the motion to suppress. At the trial of this case two of the television sets, the tape recorder, and the movie camera, all of which had been seized by the police officers at 3703 St. John, were marked as State Exhibits 1 to 4 inclusive and identified by Albert Price Cordier as items of property belonging to him which had been stolen from his home on August 23, 1965, the day previous to the seizure. The third television set was not identified at the trial or offered in evidence. The following then occurred:

"Mr. Waterman [assistant prosecuting attorney]: I move at this time to introduce in evidence State's Exhibits Numbers 1, 2, 3 and 4.

"Mr. Pierce [defense counsel]: No objection.

"The Court: Will be admitted."

 It has long been the rule in this state that evidence unlawfully seized by police officers is not admissible in evidence in a criminal case. Criminal Rule 33.03, V.A.M.R.; State v. Hunt, Mo., 280 S.W.2d 37; State v. Spica, Mo., 389 S.W.2d 35, 43. Whether evidence has been unlawfully seized is a question properly to be determined on a motion to suppress evidence. State v. Owens, 302 Mo. 348, 259 S.W. 100, 32 A.L.R. 383; State v. Hepperman, 349 Mo. 681, 162 S.W.2d 878; State v. Lord, Mo., 286 S.W.2d 737, 740. In the event the

trial court rules on the motion to suppress adversely to defendant's position, and if the evidence claimed to have been unlawfully seized is subsequently offered in evidence at the trial, defendant must then object to the admission of the evidence with a proper statement of the reasons for that objection, and also present the matter in his motion for new trial and brief the issue on appeal in order to preserve the issue for appellate review. See State v. Hepperman, supra, State v. Lord, supra. The purpose of the motion to suppress evidence is to determine as a matter of law whether the items alleged to have been unlawfully seized are inadmissible in evidence for that reason. Unlawfully seized items never offered and received in evidence cannot form the basis for invalidating a criminal trial, and neither can the admission in evidence of items, even though unlawfully seized, when defendant states that he has no objection to the admission in evidence of the items. See State v. Holbert, Mo., 416 S.W. 2d 129. See also State v. Hepperman, supra; State v. Lord, supra; State v. Egan, Mo.App., 272 S.W.2d 719, 723. This is the rule generally in other states. In Chandler v. State, 89 Ind.App. 304, 166 N.E. 289, the defendant's motion to quash the search warrant and suppress evidence was overruled prior to trial, but at the trial defendant interposed no objection to the admission of evidence. The court said this: "It follows that it will not be necessary to decide the question as to whether the trial court erred in overruling appellant's motion to quash the search warrant and suppress the evidence shown by the return thereon; for if the appellant, on the trial, made no objection to the admission of the state's evidence which had been procured by the search, he thereby waived the error, if any, in the court's ruling on the motion to quash the search warrant and suppress the evidence shown by the return." See also, Robertson v. State, 94 Fla. 770, 114 So. 534; Dukes v. Commonwealth, 196 Ky. 60, 244 S.W. 74; State v. Hartness, 147 Wash. 315, 265 P. 742; Fraterrigo v. State, 151 Fla. 634, 10 So.2d 361.

■ By affirmatively stating at the trial that he had no objection to the admission in evidence of the four items obtained by use of the search warrant, defendant expressly waived any error on the part of the trial court in refusing to suppress evidence, and he is not entitled to complain on appeal as to the admission of evidence to which he stated he had no objection.

Defendant next asserts that the court erred in denying his motion for acquittal because there was not "substantial or sufficient evidence * * * that [he] had exclusive possession of the stolen items, that he ever bought or otherwise received the items, or that he knew they were stolen."

From the evidence in this case the jury reasonably could find that the four items introduced in evidence were stolen from Albert Price Cordier on August 23, 1965, and that on the following day they were found in a store known as St. John Sundries owned and operated by the defendant. The evidence further showed that in addition to the items found in defendant's place of business, an antique teakettle and a silver candelabra had been stolen from Albert Price Cordier. At the time of his arrest defendant was shown a photograph of the teakettle and asked about the candelabra, and he stated that he had seen the teakettle and candelabra but that he had not wanted anything to do with either item. A mink coat was erroneously reported by Mr. Cordier to have been stolen at the time the other items were taken, and when the police officers asked defendant about the coat he replied, "Honest to God I have been informed this mink coat was not taken in the burglary." When defendant was asked where he obtained the items found on his premises he replied, "You have the stuff, what more can I say," and "you know I can't tell you where I got it." At the trial defendant testified that he returned to his store and found the officers there, and that it was after the officers had seized the four items previously stolen from Mr. Cordier, that he first saw them and that he did not know how the items came to be in his place of business.

■ Section 560.270 RSMo 1959, V.A.M.S., proscribes buying or receiving property of another knowing it to have been stolen with intent to defraud. It does not require that the possession of the stolen property by the defendant must be exclusive, and such requirement is not the general rule. It is sufficient that the defendant acquired actual or constructive possession of stolen property with the requisite intent and knowledge. State v. Ellers, 234 N.C. 42, 65 S.E.2d 503; Longman v. Commonwealth, 167 Va. 461, 188 S.E. 144. It is the unusual situation when there is direct evidence of the intent of a person charged with a crime, and the requisite intent may and generally must be established by circumstantial evidence. State v. Chevlin, Mo., 284 S.W.2d 563, 566; State v. Whitaker, Mo., 275 S.W.2d 316. Also, "It is often difficult to make direct and positive proof of the accused's knowledge the goods were stolen, and this element may be inferred from certain facts and circumstances." State v. Hicklin, 358 Mo. 1016, 218 S.W.2d 564, 565; State v. Ciarelli, Mo. App., 366 S.W.2d 63, 67. A jury is permitted to draw from the evidence such reasonable inferences as the evidence will support, State v. Ciarelli, supra, and from the circumstances above outlined and the declarations of defendant at the time of his arrest, we have no hesitancy in ruling that a submissible case for the jury was made on the issues of defendant's intent to defraud and his knowledge that the items introduced in evidence were stolen.

■ Defendant next asserts that the trial court erred "in admitting in evidence testimony of incriminating statements obtained from [him] without his first having been advised of his right to remain silent and his other constitutional rights." From the argument portion of his brief we find that defendant refers to the declarations against interest referred to in the discussion of the previous point. Defendant cites

only Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. In State v. Beasley, Mo., 404 S.W.2d 689, this court stated that the test to be applied to cases tried prior to June 13, 1966, as was this case, is the totality of the circumstances. See also, Clewis v. State of Texas, 386 U.S. 707, 87 S.Ct. 1338, 18 L.Ed.2d 423. When we apply that test to the facts and circumstances herein, we find that defendant voluntarily made all the statements about which he now complains. He never requested and was never denied counsel, and there was no holding of him incommunicado or even in separate confinement. At no time did he object to being questioned or indicate any desire not to answer questions propounded to him by the police officers. He was not young and inexperienced. In fact he was thirty-five years of age and the owner and operator of a business. We find no evidence to show any indication of coercion, threats, promises, or improper action on the part of the police officers. We necessarily rule from the totality of the circumstances that defendant's statements were voluntary and properly admitted in evidence.

■ Defendant next asserts that error resulted from the giving of Instruction 4, a verdict directing instruction, because it "authorized a conviction without limiting the alleged stolen items to those alleged in the indictment." The language of the instruction to which this objection is directed is that which authorized a finding of guilty if the jury found that the defendant "did * * * receive, with intent to defraud, the goods and chattels of one Albert Price Cordier of the value of fifty dollars or more, knowing said goods and chattels to be stolen property, * * *." Defendant argues that "the jury might well have convicted him, relying on his alleged statement to the police, of receiving the candelabra and coffee pot" which were not mentioned in the indictment. The immediate answer to this argument is that the evidence con-

tains no statement by defendant that he received the candelabra and coffee pot. (The reference in the evidence is to a teakettle). Instead, such statements by defendant as are in the evidence are to the effect that he did not receive these items, and there is no evidence to the contrary. Defendant cites only State v. Weinberg, 245 Mo. 564, 150 S.W. 1069. There, it was stated only that "the jury were properly restricted by the instructions to the 'personal property mentioned in the information.'" Ordinarily the jury would not have reason to know what property was described in the information or indictment, and some other method of description would seem more appropriate. However, directing ourselves to the specific objection made, we find that by reading Instruction 4 and Instruction 6 together, see State v. Duncan, Mo., 316 S.W.2d 613, 618, the alleged deficiency of Instruction 4, if it is in fact a deficiency, is corrected. Instruction 6, a cautionary instruction, states that by the term "'knowing' that the property was stolen," which referred to the phrase "knowing said goods and chattels to be stolen property" as used in Instruction 4, did not mean "absolute personal and certain knowledge on the part of the defendant that the *property mentioned in the indictment* had been stolen." (Italics added) In view of the fact that there was no evidence that defendant received any stolen property except that which was described in the indictment, and that when read together the instructions clearly indicate that the term "goods and chattels" as used in Instruction 4 referred to the "property mentioned in the indictment [which] had been stolen" as used in Instruction 6, we find no prejudicial error in Instruction 4 in the respect contended.

The review required by Criminal Rules 28.02 and 28.08, V.A.M.R., shows, as previously demonstrated, that the indictment is sufficient. Such review also shows that while represented by counsel of his own choosing defendant was accorded a jury trial upon his plea of not guilty; that the

verdict is in proper form and is responsive to the issues; that the punishment is within legal limits; and that allocution was granted.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.