STATE OF NORTH CAROLINA v. FRANK R. NICKERSON

No. 18A86

(Filed 3 September 1987)

**1. Criminal Law § 34— defendant's prior acts of misconduct—erroneously admitted—harmless error**

There was no prejudicial error in a murder prosecution from the admission of testimony by which the State placed before the jury prior acts of misconduct by the defendant where the evidence was overwhelming that defendant went into a house with the intent to kill the victim and that he carried out this intention. N.C.G.S. § 8C-1, Rules 608(b) and 404(a).

**2. Criminal Law § 73.1— hearsay—recorded recollection—properly admitted**

The trial court did not err in a murder prosecution by admitting a statement given by a witness to a deputy after the shooting where the witness testified at trial that he could not remember what happened after he heard the shots fired. Even though the statement was made five weeks after the incident, the trial court could properly conclude that the matter was fresh in the witness's memory at the time of the statement, and the witness's testimony

that he made a truthful statement to the deputy, that he saw the deputy take down the statement, and that he signed the statement was sufficient for the court to conclude that the witness adopted this statement. N.C.G.S. § 8C-1, Rule 803(5).

**3. Criminal Law § 181.4— murder—newly-discovered evidence—motion for appropriate relief denied**

The trial court did not err in a murder prosecution by denying defendant's motion for appropriate relief, which was based on the affidavits of two witnesses that they had consumed a substantial amount of marijuana and were disoriented and intoxicated on the night in question, where neither witness stated that his testimony at trial was false or recanted his testimony. N.C.G.S. § 15A-1415(b)(6).

APPEAL by defendant as a matter of right from a judgment by *Hight, Judge*. Judgment entered 14 October 1985 in Superior Court, PERSON County. Heard in the Supreme Court 8 June 1987.

The defendant was tried for first degree murder. The evidence for the State showed the defendant had been married to Delores Bell but they were divorced. On 30 March 1985 Delores Bell and Willie Mitchell went to Ms. Bell's home at approximately 10:00 p.m. Frank Nickerson, Jr., the defendant's son, was playing cards in the living room with two of his friends. Ms. Bell and Willie Mitchell talked with the three young men for about fifteen minutes and then went to Ms. Bell's bedroom.

Frank Nickerson, Jr. testified that approximately one hour after his mother and Willie Mitchell retired to the bedroom he answered a knock at the front door of the residence. He opened the door and saw the defendant Frank Nickerson standing outside. Nickerson, Jr. testified his father walked past him without saying a word and went towards his mother's bedroom. He said that within a matter of seconds he heard the sound of two gunshots. Nickerson, Jr. then walked in the direction of his mother's bedroom and observed a smoking gun in his father's hand. He heard his father admonish his mother in regard to having sexual intercourse "in front of my children." At the time he heard his father say this, he observed his mother crouched naked behind a nightstand and the victim curled up and shaking on the floor. The defendant told his son to call the police, which he did.

Delores Bell testified that she and Willie Mitchell were in bed when the defendant forced her locked bedroom door open, burst into the room with a gun in his hand and fired twice

towards her and Willie Mitchell. She testified further that as she rolled off the bed and crouched behind a nightstand, she saw Willie Mitchell sit up in bed and fall to the floor. He gasped for breath and then quit breathing.

Both Anthony Quinn Jackson and Gerald Moore testified that they were in the living room with Frank Nickerson, Jr. when the defendant entered the house. Each of them said when he heard shots he ran from the house. There was evidence that Willie Mitchell died of a gunshot wound.

The defendant testified that he opened the door and saw his former wife and Willie Mitchell in bed. He saw Willie Mitchell reach down towards his clothes. He thought Mr. Mitchell was reaching for a gun and shot him. A deputy sheriff found a .25 caliber handgun wrapped in a blue bath cloth a few inches from the body of Mr. Mitchell.

The defendant was found guilty of first degree murder and sentenced to life in prison. He appealed.

*Lacy H. Thornburg, Attorney General, by Joan H. Byers and Jane P. Gray, Special Deputy Attorneys General, for the State.*

*Andrew P. Cioffi and James E. Ramsey, for the defendant appellant.*

WEBB, Justice.

[1] The defendant's first assignment of error deals with questions propounded to the defendant on cross-examination in regard to prior acts of misconduct by the defendant. The following colloquy took place during the cross-examination of the defendant:

> Q. And when you saw Harold Johnson, you remembered an occasion seventeen or eighteen years ago when you threatened to pull a knife on him and told him to quit messing around with your girlfriend or you would kill him, didn't you?
>
> A. I don't know nothing about this. Me and Harold is friends, right now.
>
>     . . . .

Q. And so you were so enraged about her being with another man that you went in and you intended to kill him and were going to claim self defense, weren't you?

A. No, I did not.

Q. Just like you killed Donald Harry Boone on March the 7th, 1976, and claimed self defense?

A. I didn't claim self defense; not me.

The State was thus able to place before the jury prior acts of misconduct by the defendant. The State concedes that pursuant to *State v. Morgan*, 315 N.C. 626, 340 S.E. 2d 84 (1986), this testimony was inadmissible under N.C.G.S. § 8C-1, Rules 608(b) and 404(a). The State contends the testimony was admissible under Rule 404(b) which provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

The State argues that this evidence was relevant to the defendant's motive, intent and state of mind.

Assuming it was error to allow this testimony we hold it was harmless error. In order to show prejudicial error an appellant must show "a reasonable possibility that, had the error not been committed, a different result would have been reached at the trial." N.C.G.S. § 15A-1443(a). *State v. Milby*, 302 N.C. 137, 273 S.E. 2d 716 (1981). In this case the evidence was overwhelming that the defendant went into the house with the intent to kill Willie Mitchell and that he carried out this intention. We hold that if the erroneously admitted testimony had been excluded the outcome of the trial would not have changed. The defendant's first assignment of error is overruled.

[2] In his second assignment of error the defendant contends it was error to read into evidence a statement of Anthony Quinn Jackson, one of the friends of Frank Nickerson, Jr., who was in the house at the time of the shooting. During his testimony Mr. Jackson stated that he could not remember what happened after

he heard the shots fired. The State then showed him a writing which he had signed. He testified that he remembered making a statement to a deputy sheriff five weeks after the shooting and that he saw the deputy sheriff write it down. He testified he told the truth to the deputy and that he and the deputy had signed it. The witness then read into evidence the statement which had been signed by him and the deputy. He read from the statement that after hearing two shots, "then I heard a voice saying, 'I done told you to leave her alone.'"

This assignment of error presents a question under N.C.G.S. § 8C-1, Rule 803(5) which provides in part:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . . .
>
> (5) Recorded recollection—A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in his memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

This rule is a codification of the recorded past recollection rule that existed when the Rules of Evidence were adopted by the General Assembly. *See* 1 Brandis on North Carolina Evidence § 33 (2d rev. ed. 1982) and *State v. Wright*, 282 N.C. 364, 192 S.E. 2d 818 (1972). We hold the reading of the statement was admissible under the rule. The testimony of Anthony Quinn Jackson showed that he once had knowledge about the matter but at the time of the trial could not recall it sufficiently to testify about it at trial. He testified further that he told the truth to the deputy and saw him write it down. He then signed the statement. This satisfies the requirement of the Rule that the statement be adopted by the witness when the matter was fresh in his memory and reflected his knowledge accurately.

The defendant argues that the statement was not admissible because it was not shown that it was made while the matter was fresh in the memory of the witness. The statement was made approximately five weeks after the incident. The trial occurred approximately five months after the statement. We believe the superior court could properly conclude from this evidence that the matter was fresh in the witness' memory at the time of the statement.

The defendant also contends the witness did not adopt the statement. The witness testified that he remembered making a statement to the officers but he did not remember making that part of the statement which was read into evidence. We hold that the witness' testimony that he made a truthful statement to Mr. Slaughter, that he saw Mr. Slaughter take down his statement and that he signed the statement is sufficient for the court to have concluded the witness adopted the statement. The defendant's second assignment of error is overruled.

[3] More than 150 days after the judgment had been entered in this case the defendant made a motion for appropriate relief pursuant to N.C.G.S. § 15A-1415(b)(6). This motion was supported by affidavits from two of the witnesses at the trial which tended to cast some doubt on their testimony. The court denied the motion for appropriate relief and we issued a writ of certiorari to determine this question.

The affidavits submitted in support of the motion for appropriate relief were by Frank Nickerson, Jr., the defendant's son, and Gerald Moore, one of the friends of the defendant's son who was in the house when the defendant entered. Each of them said he had consumed a substantial amount of marijuana on the night in question so that he was disoriented and intoxicated. Each said that as a result of being under the influence of marijuana he "had limited memory and recall, ability to perceive the events that took place, diminished capacity to relate what he perceived, and motivation to withhold information." Each of them said he had told defendant's counsel that he had not smoked marijuana on the night in question. Both of them also said that the explicitness of their "testimony had more to do with the pressures placed upon him by those interested in his testimony than on his ability to recall and perceive the event." The defendant argues that the

testimony of these two witnesses was material to the defendant's intent at the time of the incident and was crucial to his conviction. He argues that a new trial should be granted in light of the affidavits.

The defendant discusses this issue in terms of newly discovered evidence. It may be more in the nature of recanted or retracted testimony. Some of our cases have discussed recanted testimony in terms of newly discovered evidence. *See State v. Morrow*, 264 N.C. 77, 140 S.E. 2d 767 (1965); *State v. Roddy*, 253 N.C. 574, 117 S.E. 2d 401 (1960); *Conrad Industries v. Sonderegger*, 69 N.C. App. 159, 316 S.E. 2d 327 (1984) and *State v. Blalock*, 13 N.C. App. 711, 187 S.E. 2d 404 (1972). There is a difference between recanted testimony and newly discovered evidence. Newly discovered evidence is evidence which was in existence but not known to a party at the time of trial. Recanted testimony is testimony which has been repudiated by a party who gave it. Recanted testimony is not evidence which existed at the time of trial because the recanting witness would not have testified to it at trial. A motion for a new trial on the basis of recanted testimony is for the purpose of removing testimony from a jury. A motion for a new trial based on newly discovered evidence is for the purpose of putting new evidence before a jury. In *State v. Ellers*, 234 N.C. 42, 65 S.E. 2d 503 (1951), a case in which a witness repudiated his testimony, this Court said, "the decisions ordinarily applicable to newly discovered evidence will not be held as controlling upon a factual situation like that disclosed by the present record." *Id.* at 45, 65 S.E. 2d at 505. In *Ellers* the Court did not use the rule normally stated for newly discovered evidence but ordered a new trial. We believe *Ellers* stands for the proposition that the rule for granting a new trial for newly discovered evidence is not the same as the rule for granting a new trial for recanted testimony.

We do not believe we must decide whether the affidavits filed in this case show there is recanted testimony or newly discovered evidence. We hold that the affidavits do not show either. Although both affiants say they were under the influence of marijuana and had limited capacity to perceive what took place and to relate it, neither of them say their testimony at trial was false. Neither of them recanted his testimony. The rule for newly discovered evidence is that in order for a new trial to be granted it

must appear that (1) the witness or witnesses will give newly discovered evidence; (2) the newly discovered evidence is probably true; (3) the evidence is material, competent and relevant; (4) due diligence was used and proper means were employed to procure the testimony at trial; (5) the newly discovered evidence is not merely cumulative or corroborative; (6) the new evidence does not merely tend to contradict, impeach or discredit the testimony of a former witness; and (7) the evidence is of such a nature that a different result will probably be reached at a new trial. *See State v. Beaver*, 291 N.C. 137, 229 S.E. 2d 179 (1976) and *State v. Casey*, 201 N.C. 620, 161 S.E. 2d 81 (1931). If the witnesses were allowed to testify as stated in their affidavits this would merely discredit their testimony at the first trial. This is not grounds for a new trial for newly discovered evidence. The court properly overruled the defendant's motion for a new trial.

In the trial we find

No error.