**Joseph Newton BEST,
Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. 88–70.**

Supreme Court of Wyoming.

Feb. 21, 1989.

Leonard D. Munker, State Public Defender, and Michael Cornia, argued, Asst. Public Defender, for appellant.

Joseph B. Meyer, Atty. Gen., John Renneisen, Deputy Atty. Gen., and Sylvia Lee Hackl, Sr. Asst. Atty. Gen., argued, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

CARDINE, Chief Justice.

Appellant Joseph Best was convicted of attempted first degree murder of Officer Lawrence Szabo of the Wyoming Highway Patrol. He now appeals the denial of his motion for new trial based on newly discovered evidence. The newly discovered evidence upon which appellant relies consists of allegations in Szabo's complaint filed in a civil action seeking recovery of damages for personal injuries caused Szabo by appellant shooting him. This civil action was intitiated subsequent to appellant's trial. Appellant states the issues as follows:

"Did the district court abuse its discretion in denying Appellant's motion for new trial?"

"Should relaxed standards be applied since the newly discovered evidence involved perjury?"

"Did the district court abuse its discretion in failing to hold a hearing on the motion for new trial?"

"Did the district court err in failing to state reasons and grounds for denying the motion for new trial?"

We affirm.

## FACTS

The events leading to appellant's conviction are set out in *Best v. State*, 736 P.2d 739 (Wyo.1987). We briefly review the basic facts in order to provide a context for review of the denial of appellant's motion for new trial. Officer Szabo attempted to stop Best for speeding on the interstate. Best tried to outrun the patrolman in a lengthy high speed chase. When Best finally stopped, he got out of his car and shot Officer Szabo twice.

Best was convicted of attempted first degree murder after a jury trial. On appeal, he contended that the trial court had improperly refused to give an instruction which would allow the jury to find that he shot Officer Szabo in self-defense. Best testified that he thought the patrolman was pointing a gun at him. Officer Szabo testified with respect to the relation of his hand to his gun as follows:

"Q. Did you put your hand on it?

"A. I kept it right like at this position, down to the right side of it, and had the baton in the left hand.

"Q. So, your hand is well below your gun?

"A. Yes.

"Q. Please turn around and show to the jury where your hand was at that point in time.

"A. Just hanging natural.

\*    \*    \*    \*    \*    \*

"Q. Your right hand? You're sure that that was just at all times during this—I don't know what you call it—situation, below your weapon?

"A. It was in access to my weapon, but it was hanging normally to the side."

This court affirmed the trial court's refusal to give a self-defense instruction, stating that even viewing Best's testimony in the light most favorable to him, the requested instruction was not supported by competent evidence. *Best*, 736 P.2d at 744–47.

Szabo later filed a civil action seeking damages against, among others, the manufacturer of his holster. The essence of his claim was that his holster was defective, which prevented him from drawing his pistol. This claim still directly contradicts Best's statement that Szabo had drawn and was pointing his gun at him.

Best, however, now focuses upon whether Szabo's hand was at his holster or at his side, citing the following allegation made in the civil complaint:

"Officer Szabo immediately exited his patrol car, baton in his left hand, right hand poised on his holster for quick draw if needed."

Appellant contends that this statement constitutes a "recantation" of Szabo's trial testimony concerning the placement of his hand in relation to his gun.

Best filed a pro se motion for new trial pursuant to Rule 34, W.R.Cr.P., asserting that the testimony of Szabo concerning the proximity of his hand in relation to his gun was "the only evidence contradicting the Defendant's own testimony that he shot Larry Szabo in self-defense due to Larry Szabo's threatening manner." The district court denied the motion, and this appeal followed.

## DISCUSSION

### I

When reviewing a trial court's denial of a motion for new trial based on newly discovered evidence, we will not reverse unless appellant affirmatively shows an abuse of discretion by the trial court. *Keser v. State*, 737 P.2d 756, 759 (Wyo. 1987). We have defined judicial discretion as "a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Martin v. State*, 720 P.2d 894, 897 (Wyo.1986).

To obtain a new trial on the basis of newly discovered evidence a defendant must establish all of the following criteria:

"1. The evidence has come to his knowledge since trial;

"2. It was not owing to the want of due diligence that it did not come sooner;

"3. The evidence is so material that it would probably produce a different verdict; and

"4. The evidence is not cumulative."

*Keser v. State*, 737 P.2d at 759–60; *Opie v. State*, 422 P.2d 84, 85 (Wyo.1967).

■ At trial, appellant's theory of the case was self-defense, contending that he was justified in shooting Officer Szabo because Szabo's "threatening manner" placed appellant in fear of his life. The trial court refused a self-defense instruction as not supported by competent evidence. This court affirmed that decision in *Best v. State*, 736 P.2d at 741. He now argues that if Szabo had testified that his right hand was "poised on his holster" rather than hanging to his side "in access to [his] weapon" the trial court might have given the self-defense instruction, and the jury might have reached a different verdict.

We do not agree with appellant's conclusion that the self-defense instruction might properly have been given. In discussing the evidence supporting appellant's self-defense claim in the original appeal, we reiterated the four requirements of self-defense in a homicide case originally outlined in *Patterson v. State*, 682 P.2d 1049, 1053 (Wyo.1984):

1. The slayer was not at fault in bringing on the difficulty;

2. That he believed at the time of the killing that he was in such immediate danger of losing his own life, or of receiving serious bodily injury, that it was necessary to take the life of his assailant;

3. That the circumstances were such to warrant reasonable grounds for such a belief in the mind of a reasonable man; and

4. That there was no other reasonable method of escaping or otherwise resolving the conflict.

*Best v. State*, 736 P.2d at 746.

We noted that even after giving Best's testimony its most favorable interpretation, it supported only the second factor relating to Best's subjective belief. We also said that:

"None of the evidence reflects circumstances which would warrant a reasonable man in concluding that there were reasonable grounds for belief that he was in immediate danger of losing his own life or receiving serious bodily injury." *Id.*

We are of the opinion that testimony, similar to the allegations in Officer Szabo's civil complaint that his hand was "poised on his holster," would not be evidence that would lead a reasonable man to conclude it was necessary for appellant to shoot the officer in self-defense. Even if we were not of that opinion, the first and fourth elements of the test outlined above remain without any competent supporting evidence. Thus, appellant would not be entitled to a self-defense instruction in a new trial.

The newly discovered evidence is not so material that it would probably produce a different verdict as required by the third element of the *"Opie"* test. The district court did not abuse its discretion in denying the motion.

## II

■ Appellant asks that we adopt the "more relaxed" standard used by some federal courts to evaluate his motion for new trial "since the newly discovered evidence involves perjury." The proposed test is taken from *Larrison v. United States*, 24 F.2d 82 (7th Cir.1928), and is commonly referred to as the *"Larrison* test." Federal courts have stated that the *Larrison* test is limited to cases of "recantation or where it has been proved that false testimony was given at the trial." *Kyle v. United States*, 297 F.2d 507, 512 (2nd Cir. 1961), quoting *United States v. Hiss*, 107 F.Supp. 128, 136 (S.D.N.Y.1952); see also *United States v. Johnson*, 142 F.2d 588 (7th Cir.1944) and *United States v. Costello*, 255 F.2d 876 (2nd Cir.1958).

This case differs from those involving recantation and perjury in which the Larrison test is applied. The typical recantation

case involves a motion for new trial based on the affidavit of a witness who swears that his trial testimony was false. See, e.g. *Larrison v. United States,* supra. At most, appellant has demonstrated an inconsistency between Szabo's testimony at trial and statements subsequently made in a civil complaint. This does not constitute a recantation. To recant a prior statement is to publicly renounce and withdraw it. *Pradlik v. State,* 131 Conn. 682, 41 A.2d 906, 907 (1945); *Llanos–Senarillos v. United States,* 177 F.2d 164, 166 (9th Cir. 1949). Recanted testimony has been defined as "testimony which has been repudiated by a party who gave it." *State v. Nickerson,* 320 N.C. 603, 359 S.E.2d 760, 763 (1987). Filing of a civil complaint which contains allegations arguably inconsistent with previous testimony at trial does not constitute a public renunciation or repudiation of that testimony. Nor does it prove that false testimony was given at trial. We see no reason to depart from our established standards in this case.

### III

 Appellant also contends that the district court abused its discretion by failing to hold a hearing on his motion for new trial. A hearing is not required by either rule or statute; a decision to hold a hearing is within the sound discretion of the district court. *Story v. State,* 755 P.2d 228, 231 (Wyo.1988). A court may deny a motion for new trial without a hearing when all that is necessary for disposition is already in the record. *Hopkinson v. State,* 679 P.2d 1008, 1025 (Wyo.1984) (*Hopkinson III*). Such is the case here. As previously discussed in part I, appellant failed to produce new evidence that would justify giving a self-defense instruction; consequently it is improbable that a different verdict would result.

While appellant asserts that a hearing is necessary to assess the credibility of Szabo, this case does not involve the credibility of a witness who has publicly recanted his trial testimony. The denial of the motion was amply supported by the record, and we find no abuse of discretion.

### IV

Appellant's final assertion of error is that the district court did not adequately state reasons or grounds in its order denying his motion. Rule 34, W.R.Cr.P. does not require that the court make specific findings in its order. The order stated that the motion was denied because the court found "that sufficient grounds did not exist for granting * * * a new trial pursuant to Rule 34 * * *." While appellate review is facilitated by a more specific statement of reasons, failure to elaborate is not reversible error, especially in light of appellant's failure to request any clarification of the order.

AFFIRMED.