STATE OF NORTH CAROLINA v. DERMONT JARREL CONRAD, TALTON GALLIMORE, JR., AND TERRY JAMES DAVIS

No. 6922SC68

(Filed 26 February 1969)

**1. Criminal Law § 92— consolidation of indictments for trial**

The court is expressly authorized by statute to order the consolidation for trial of two or more indictments in which the defendant or defendants are charged with crimes of the same class which are so connected in time or place that evidence at the trial of one of the indictments will be competent and admissible at the trial of the others. G.S. 15-152.

**2. Criminal Law § 92— consolidation of indictments for trial**

Trial court did not abuse its discretion in consolidating for trial an indictment charging three defendants with conspiracy to commit murder and indictments charging two of the defendants with feloniously damaging real and personal property of the victim of the conspiracy by use of dynamite.

**3. Criminal Law § 15— change of venue**

Motion for change of venue on grounds of prejudice is addressed to the discretion of the trial court, and trial court's denial of such a motion is not reviewable on appeal in the absence of a showing of abuse of discretion.

**4. Criminal Law § 15— change of venue — unfavorable newspaper publicity**

In prosecutions for conspiracy to murder and feloniously damaging real and personal property by use of dynamite, the evidence is sufficient to support the trial court's denial of defendants' motion for a change of venue or for a jury selected from an adjoining county because of newspaper publicity of the crimes, and defendants have shown no abuse of discretion in the court's denial of their motion.

**5. Indictment and Warrant § 13— motion for bill of particulars**

The granting or denial of a motion for a bill of particulars is within the discretion of the court and not subject to review except for palpable and gross abuse thereof.

**6. Indictment and Warrant § 13; Conspiracy § 4— indictment for conspiracy — co-conspirators — bill of particulars**

In a prosecution upon an indictment charging that three named defendants "did conspire, confederate, agree and scheme among themselves, with each other and divers others" to commit a murder, defendants were not prejudiced by denial of their motion for a bill of particulars setting forth the names of the "divers others" referred to in the indictment where the solicitor advised the court that he did not know the names of any others against whom he could prove the charge of conspiracy.

**7. Conspiracy § 3— conspiracy defined**

A criminal conspiracy is the unlawful concurrence of two or more per-

sons in a scheme or agreement to do an unlawful act or to do a lawful act in an unlawful way or by unlawful means, and the crime is complete when the agreement is made.

**8. Conspiracy § 6— proving conspiracy — circumstantial evidence**

A criminal conspiracy need not be established by direct proof but may be established by circumstantial evidence.

**9. Conspiracy § 6— sufficiency of evidence**

The evidence *is held* sufficient to be submitted to the jury as to defendants' guilt of conspiracy to commit murder.

**10. Constitutional Law § 31; Criminal Law §§ 76, 95— joint trial — admission of confession implicating codefendant**

Under the decision of *Bruton v. United States*, 391 U.S. 123, the admission in a joint trial of a nontestifying defendant's confession implicating a codefendant violates the codefendant's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment.

**11. Constitutional Law § 31; Criminal Law § 95— joint trial — admission of evidence for consideration against only one defendant**

In this joint trial of three defendants for conspiracy to commit murder, the decision of *Bruton v. United States* does not prohibit the admission of testimony for consideration against only one defendant where the witnesses were testifying merely to something that was said or done in their presence and were subject to cross-examination by all defendants, and the testimony related only to the defendant against whom it was introduced and in no way implicated either of the other defendants.

APPEAL by defendants Gallimore and Davis from *Collier, J.*, at the 24 June 1968 Mixed Session of DAVIDSON Superior Court.

By indictment in case No. 13,678, defendants Gallimore, Davis and Conrad were charged with conspiracy to kill and murder one Fred C. Sink. In indictments in cases Nos. 13,664 and 13,680, defendant Davis was charged with feloniously damaging a dwelling house occupied by Fred C. Sink and others by the use of dynamite, in violation of G.S. 14-49.1; and feloniously injuring personal property, a Mercury Comet automobile, belonging to Fred C. Sink, by the use of dynamite. By indictments in cases Nos. 13,665 and 13,679, defendant Gallimore was similarly charged with damage to real property and personal property by the use of dynamite. On the dates charged, Fred C. Sink was Sheriff of Davidson County.

In case No. 13,678, the jury was unable to agree as to the defendant Conrad, whereupon a juror was withdrawn and a mistrial declared as to him. Defendants Gallimore and Davis were found guilty as charged in all indictments against them, and from active prison sentences aggregating seventy years, each appealed.

*Attorney General Robert Morgan and Staff Attorney Andrew A. Vanore, Jr., for the State.*

*Barnes & Grimes by Jerry B. Grimes for defendant appellants.*

BRITT, J.

(1)  Defendants assign as error the trial court's allowance of the State's motion to consolidate the cases for trial.

[1]  The court is expressly authorized by statute in this State to order the consolidation for trial of two or more indictments in which the defendant or defendants are charged with crimes of the same class, which are so connected in time or place that evidence at the trial of one of the indictments will be competent and admissible at the trial of the others. *State v. White,* 256 N.C. 244, 123 S.E. 2d 483; G.S. 15-152. In *State v. Wright,* 270 N.C. 158, 153 S.E. 2d 883; we find: "The defendants also excepted to the order consolidating the cases for trial. We have held so many times that this is discretionary that we do not deem the exception worthy of discussion. *State v. Bryant,* 250 N.C. 113, 108 S.E. 2d 128; *State v. Combs,* 200 N.C. 671, 158 S.E. 252."

[2]  In allowing the State's motion to consolidate the cases for trial, the trial judge exercised his discretion and defendants show no abuse of discretion. The assignment of error is overruled.

(2)  Defendants assign as error the failure of the trial court to grant their motion for change of venue or, in the alternative, to have a jury selected from an adjoining county.

[4]  In their motion, defendants contended that the cases against them had received intensive and continuous publicity in newspapers, radio and television programs widely read, heard and seen by residents, citizens and prospective jurors in Davidson County, all of which had created extensive discussion among the citizens of the county to the extent that defendants would be unable to receive a fair trial from a jury selected from Davidson County. In support of their motion, defendants introduced affidavits and numerous clippings from newspapers published in Lexington and Thomasville in Davidson County and also clippings of articles appearing in daily newspapers published in Greensboro, High Point and Winston-Salem. The State introduced numerous affidavits to the effect that defendants could get a fair trial from a Davidson County jury.

[3]  It is well-established law in this jurisdiction that a motion for change of venue on grounds of prejudice is addressed solely to

the discretion of the trial court. *State v. Porth,* 269 N.C. 329, 153 S.E. 2d 10; *State v. Lea,* 203 N.C. 13, 164 S.E. 737. And the action of the trial court in denying defendants' motion is not reviewable on appeal in the absence of showing of abuse of discretion. *State v. Lea, supra.*

[4] The evidence was sufficient to support the action of the trial judge in overruling the motion and defendants have shown no abuse of discretion. Of passing note is the fact that three of the newspapers from which clippings were introduced by defendants were published in counties adjacent to Davidson County.

The assignment of error relating to defendants' motion for change of venue is overruled.

(3) Defendants assign as error the failure of the trial court to grant their motion for a bill of particulars in case No. 13,678, charging conspiracy.

G.S. 15-143 provides as follows:

"§ 15-143. *Bill of particulars.* — In all indictments when further information not required to be set out therein is desirable for the better defense of the accused, the court, upon motion, may, *in its discretion,* require the solicitor to furnish a bill of particulars of such matters." (Emphasis added).

[5, 6] The granting or denial of motions for bills of particulars is within the discretion of the court and not subject to review except for palpable and gross abuse thereof. *State v. Lippard,* 223 N.C. 167, 25 S.E. 2d 594. The bill of indictment in case No. 13,678 charged that the three defendants named in the bill, *inter alia,* "did conspire, confederate, agree and scheme among themselves, with each other and divers others," etc. Defendants contend that they were entitled to have furnished them the names of the persons referred to as "divers others." The record discloses that the solicitor advised the court that at the time of the motion he did not know the names of any others against whom he could prove the charge of conspiracy. We conclude that the defendants were not prejudiced by the denial of their motion for a bill of particulars. *State v. Gallimore,* 272 N.C. 528, 158 S.E. 2d 505.

The assignment of error is overruled.

(4) Defendants assign as error the failure of the trial court to grant their motions for judgment of nonsuit interposed at the close of the State's evidence and renewed at the conclusion of all the evidence.

[7]    Although the transcript of testimony indicates that defendants' motions were to all the charges against them, in their brief they direct their arguments only to the failure of the court to grant their motions in No. 13,678, the conspiracy charge. As was said by Higgins, J., in *State v. Gallimore, supra,* "[a] conspiracy is the unlawful concurrence of two or more persons in a wicked scheme — the combination or agreement to do an unlawful thing or to do a lawful thing in an unlawful way by unlawful means." The crime of conspiracy is complete when the agreement is made. *State v. Davenport,* 227 N.C. 475, 42 S.E. 2d 686; *State v. Whiteside,* 204 N.C. 710, 169 S.E. 711.

[8]    In *State v. Davenport, supra,* in an opinion by Denny, J. (later C.J.), at page 494 we find the following:

"In proving a conspiracy, it is not necessary to establish the acts charged by direct proof. 'It is not necessary to prove that the defendants came together and actually agreed upon the unlawful purpose and its pursuit by common means.' 11 Am. Jur., 570. Direct proof of a conspiracy is rarely obtainable. It is said in *S. v. Whiteside, supra:* 'It may be, and generally is, established by a number of indefinite acts, each of which, standing alone, might have little weight, but, taken collectively, they point unerringly to the existence of a conspiracy. *S. v. Wrenn, Supra* [198 N.C. 260, 151 S.E. 261]. When resorted to by adroit and crafty persons, the presence of a common design often becomes exceedingly difficult to detect. · Indeed, the more skillful and cunning the accused, the less plainly defined are the badges which usually denote their real purpose. Under such conditions, the results accomplished, the divergence of those results from the course which would ordinarily be expected, the situation of the parties and their antecedent relations to each other, together with the surrounding circumstances, and the inferences legitimately deducible therefrom, furnish, in the absence of direct proof, and often in the teeth of positive testimony to the contrary, ample ground for concluding that a conspiracy exists. 5 R.C.L., 1088.' *S. v. Lea, supra; S. v. Shipman, supra* [202 N.C. 518, 163 S.E. 657]."

[9]    We do not deem it necessary to review the evidence introduced by the State in support of the charge of conspiracy against the defendants; when considered in the light most favorable to the State, it was sufficient to withstand the motions to nonsuit and to be submitted to the jury. Of like effect was the evidence in the other cases against the defendants.

The assignment of error relating to the overruling of defendants' motions for judgment of nonsuit is overruled.

(5) In their assignments of error Nos. 7, 8 and 9, defendants contend that the trial court erred in admitting evidence which, under the ruling of the court, was admissible only as to defendant Conrad, in admitting evidence which by the ruling of the court was admissible only as to defendant Davis, and in admitting evidence which the trial court ruled was admissible only as to defendant Gallimore. Defendants contend that although the trial court instructed the jury to consider the evidence only as to the defendant against whom it was introduced, with the defendants being tried together, prejudicial error was committed.

[10] Defendants cite the recent case of *Bruton v. United States*, 391 U.S. 123, 20 L. Ed. 2d 476, in which the Supreme Court of the United States held that the admission in evidence of the extrajudicial confession of one defendant in a joint trial with another defendant constituted prejudicial error as to such other defendant. In the cited case, the defendants Bruton and Evans were tried jointly on a charge of armed postal robbery. Evans' confession, which implicated Bruton, was admitted in evidence. In granting a new trial, the Court said:

> "* * * We hold that, because of the substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extrajudicial statements in determining petitioner's guilt, admission of Evans' confession in this joint trial violated petitioner's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment. * * *"

[11] We do not think the *Bruton* decision is controlling in the case before us. In this case an extrajudicial confession was not admitted as against any of the appealing defendants. In the testimony complained of, the witnesses were testifying merely to something that was said or done in their presence and were subject to cross-examination by either or all of the defendants. Furthermore, we have painstakingly reviewed the transcript of testimony, and in each instance the challenged testimony related only to the defendant against whom it was introduced and in no way implicated either of the other defendants.

The assignments of error are overruled.

We have carefully considered each of the other assignments of error brought forth and argued in defendants' brief and finding them without merit, they are overruled.

The defendants were well represented by their court-appointed attorney and received a fair trial, free from prejudicial error. The sentences imposed were within statutory limits.

No error.

MALLARD, C.J., and PARKER, J., concur.