State v. Chambers

---

STATE OF NORTH CAROLINA v. MARY ELIZABETH CHAMBERS

No. 7226SC140

(Filed 26 April 1972)

1. Assault and Battery § 15— self-defense — instructions
    The trial court fairly and correctly charged the jury on self-defense in this prosecution for assault with a deadly weapon with intent to kill inflicting serious injury.

2. Criminal Law § 131— newly discovered evidence — denial of new trial
    In a felonious assault prosecution wherein defendant contended she shot the victim as the victim advanced upon her with a knife and one of the investigating officers testified that defendant did not relate to him anything concerning a knife, the trial court did not abuse its discretion in the denial of defendant's motion for a new trial on the ground of newly discovered evidence—a notation in a police file that defendant had told another officer that the victim had a knife—where the court found that such evidence was cumulative and corroborative and would not likely have produced a different result.

3. Criminal Law § 131— newly discovered evidence — new trial
    A motion for a new trial for newly discovered evidence is addressed to the sound discretion of the trial court.

---

State v. Chambers

---

APPEAL by defendant from *Martin (Harry C.), Judge,* 27 September 1971 Schedule "C" Criminal Session of Superior Court held in MECKLENBURG County.

The defendant was charged in a bill of indictment, proper in form, with assaulting McFadden Jeanette Williams with a deadly weapon; to wit, a .32-caliber pistol with intent to kill inflicting serious injury on 22 May 1971, in violation of G.S. 14-32(a) as it existed prior to the amendment effective 1 October 1971.

The State offered evidence tending to show that the defendant, Mary Elizabeth Chambers, and Jeanette Williams got into an argument regarding defendant's fifteen-year-old daughter. Defendant went into her house, came back out, and sat on the porch with her hand by her side. At the time Jeanette Williams was in the yard next door talking with a man named Sam Phillips. The defendant told Phillips to move out of the way, that she didn't want him to be shot and that she was getting ready to shoot Jeanette Williams. The defendant fired a .32-caliber pistol three times, one bullet hitting Williams in the arm and passing into her chest.

Defendant offered evidence tending to show that on the day in question she heard Mrs. Williams trying to get defendant's daughter to stop a car. When defendant asked Mrs. Williams not to ask her daughter to do anything of that type, Williams replied that she had been wanting to fight her and that she could be whipped. Defendant went into her house, Mrs. Williams went into the house next door and came out shortly with a knife. The defendant told her not to come on her property, but she walked up on the second step of her porch with the knife in her hand and the defendant fired at her from behind the partly open screen door.

The jury found the defendant guilty of assault with a deadly weapon inflicting serious injury, in violation of G.S. 14-32(b) as it existed prior to the amendment effective 1 October 1971. From a judgment imposing a sentence of three years, the defendant appealed.

*Attorney General Robert Morgan and Assistant Attorneys General William W. Melvin and William B. Ray for the State.*

*Carl W. Howard for defendant appellant.*

HEDRICK, Judge.

[1]  The defendant first contends that the court committed prejudicial error in its instructions to the jury in the matter of self-defense. We do not agree.

The evidence of the State and the defendant was in sharp conflict as to exactly how the prosecuting witness happened to get shot. All of the evidence tended to show that an argument between the parties had ended and the defendant had gone into her house. The defendant's evidence tended to show that she shot Jeanette Williams as she came up to the steps toward the defendant with a knife in her hand. The court's instructions to the jury completely, fairly, and correctly covered this aspect of the case as it related to self-defense. That portion of the charge complained of, when considered contextually with the remainder of the charge on self-defense, and in connection with the evidence is fair and correct and without prejudicial error.

[2]  The defendant assigns as error the court's denial of her motion for a new trial on the grounds of newly discovered evidence. In denying the defendant's motion for a new trial, the court made the following pertinent findings and conclusions:

> ". . . [T]he Court finds as facts that this motion is based upon the contention that although Officer Starnes testified that the defendant made no statement to him concerning the prosecuting witness having a knife at the time in question, that Officer Starnes said, at a time after the trial, that the defendant did tell Officer Kirkpatrick that the prosecuting witness had a knife at the time in question; that there is no evidence before this Court that Officer Starnes had knowledge of such a statement being made by the defendant to Officer Kirkpatrick at the time he testified at the trial of the case; that Officer Kirkpatrick was available as a witness and could have been called by the State or the defendant; that the defendant testified in the trial that she did tell the police that the prosecuting witness had a knife at the time in question; that she also made a written statement and signed it.
>
> The Court further finds that the Solicitor, on this date, has stated that there was a notation in the police file that this defendant had made a statement to Officer Kirkpatrick concerning a knife. There is no evidence in this record of

State v. Chambers

the case at this time that the Solicitor knew that such a statement was contained within the police file at the time of the trial of the case.

\* \* \*

2. That the defendant has failed to show at this hearing that the outcome of this trial would be any different or likely to be any different if upon a retrial the testimony that the defendant made a statement to Officer Kirkpatrick about the prosecuting witness having a knife at the time in question was allowed before the jury. That such evidence would only be corroborative and cumulative and not substantive evidence.

3. That the defendant has not carried the burden to show that a new trial with this additional evidence would likely produce a different verdict."

[3] A motion for a new trial for newly discovered evidence is addressed to the sound discretion of the trial court. 7 Strong, N.C. Index 2d, Trial, § 49; *State v. Blalock,* 13 N.C. App. 711, 187 S.E. 2d 404 (1972).

In the present case the record supports Judge Martin's material findings and conclusions, which in turn support the order denying the defendant's motion. *State v. Casey,* 201 N.C. 620, 161 S.E. 81 (1931). The defendant has failed to show that the trial judge abused his discretion in denying his motion for a new trial.

We hold that the defendant had a fair trial free from prejudicial error.

No error.

Judges BROCK and VAUGHN concur.