State v. Bynum

STATE OF NORTH CAROLINA v. LAMONT TYRONE BYNUM

No. 737SC783

(Filed 12 December 1973)

**1. Criminal Law § 92— consolidation of co-defendants' trials proper**

Trial court did not abuse its discretion in consolidating defendant's trial with the trial of a co-defendant. G.S. 15-152.

**2. Criminal Law § 89— corroboration testimony — slight discrepancies — testimony competent**

Though the testimony of a police officer might have differed in a slight degree from the testimony of the two witnesses he was seeking to corroborate, the officer's testimony was not rendered incompetent since it substantially corroborated that of other witnesses.

**3. Criminal Law § 131— newly discovered evidence — new trial denied — no abuse of discretion**

The trial court in an armed robbery case did not abuse its discretion in denying defendant's motion for a new trial for newly discovered evidence where that evidence consisted of a statement made subsequent to the judgment of the court by codefendant in open court proclaiming that he alone was guilty of the crime charged and that defendant was completely innocent of any wrongdoing.

APPEAL by defendant from *James, Judge,* 16 April 1973 Session of Superior Court held in EDGECOMBE County.

The defendant, Lamont Tyrone Bynum, was charged in a bill of indictment, proper in form, with the armed robbery of $16.00 from John Willey. The defendant Bynum's case was consolidated for trial, over Bynum's objection, with the trial of a co-defendant, Matthew Parker. Both defendants pleaded not guilty.

The material evidence offered by the State tended to show that on 29 March 1973 at about 11:30 p.m., the defendant and Parker attacked John Willey while the latter was in the bathroom at the bus station in Rocky Mount, North Carolina. Parker held a knife at Willey's throat until defendant Bynum removed Willey's wallet from the victim's left hip pocket. Upon completing the robbery, Parker and defendant fled; however, both were apprehended shortly after the incident.

The defendant Bynum offered evidence that on 29 March 1973, he and Parker went to the bus station and were in the bathroom for a brief period of time along with Willey and three other men. As defendant departed from the bathroom he

heard screams, became frightened, and fled from the bus station. Defendant denied any role in the robbery of Willey.

From a verdict of guilty as charged and the imposition of a prison sentence of not less than 18 nor more than 20 years, the defendant appealed.

*Attorney General Robert Morgan and Assistant Attorney General James Edward Magner, Jr., for the State.*

*Fountain and Goodwyn by George A. Goodwyn for defendant Lamont Tyrone Bynum.*

HEDRICK, Judge.

[1]  Defendant by his first assignment of error contends that the trial court erred in allowing the motion to consolidate defendant's trial with the trial of Matthew Parker. A motion for consolidation is addressed to the sound discretion of the trial judge; and since there is nothing in the record to suggest abuse of discretion in the ruling of the court upon this motion, this assignment of error is overruled. G.S. 15-152; *State v. Yoes,* 271 N.C. 616, 157 S.E. 2d 386 (1967) ; *State v. Conrad,* 4 N.C. App. 50, 165 S.E. 2d 771 (1969).

[2]  By assignments of error 2 and 4, defendant argues that the court erred in admitting the testimony of Officer Harper for the purpose of corroboration. Although the testimony of Officer Harper might have differed in a slight degree from the testimony of the two witnesses he was seeking to corroborate, "[w]here the testimony offered to corroborate a witness does so substantially, it is not rendered incompetent by the fact that there is some variation." *State v. Westbrook,* 279 N.C. 18, 181 S.E. 2d 572 (1971) ; *State v. Case,* 253 N.C. 130, 116 S.E. 2d 429 (1960). Thus, this assignment of error is overruled.

[3]  Next, defendant asserts that the court committed error when it failed to grant his motion for a new trial for newly discovered evidence. Subsequent to the judgment of the court, the defendant Parker made a statement in open court proclaiming that he alone was guilty of the crime charged, and declared that defendant Bynum was completely innocent of any wrongdoing. Thereafter, defendant Parker was brought to the judge's chambers and in the presence of his attorney and the trial judge, the defendant answered several questions asked by the trial judge, including the following:

"COURT: * * * Are you telling me now that what you said in that courtroom when you spoke up was not true and that you are now taking the position that you had throughout the trial that you had nothing to do with it?

DEFENDANT PARKER: Yes, sir.

COURT: Although you stated out there in the court-room [after the judgment] that you did rob Mr. Willey?

DEFENDANT PARKER: Yes, sir.

COURT: And take his money. But that Bynum had no part of it?

DEFENDANT PARKER: It is just like it was when we were out there at first. Really, neither one of us had nothing to do with that robbery.

COURT: And the statement you made out there after sentence was imposed was made out of a desire to help Bynum?

DEFENDANT PARKER: Yes, it was."

A motion for a new trial for newly discovered evidence is addressed to the sound discretion of the trial court. *State v. Blalock,* 13 N.C. App. 711, 187 S.E. 2d 404 (1972). Since no abuse of discretion has been shown, we find this assignment of error to be without merit.

We find the defendant was afforded a fair trial free from prejudicial error.

No error.

Judges MORRIS and VAUGHN concur.