STATE OF NORTH CAROLINA v. JOHN WAYNE SHELTON

No. 7417SC389

(Filed 5 June 1974)

1. **Criminal Law § 148— newly discovered evidence — denial of new trial — appeal**

   Appeal does not lie from a refusal to grant a new trial for newly discovered evidence.

2. **Criminal Law § 131; Rules of Civil Procedure § 59— motion for new trial based on affidavit — time of filing**

   The trial court properly refused to consider defendant's second affidavit in support of his motion for a new trial, since the affidavit was filed after the trial court had already ruled on defendant's motion. G.S. 15-174; G.S. 1A-1, Rule 59 (c).

3. **Criminal Law § 131— newly discovered evidence — denial of new trial proper**

   The trial court properly denied defendant's motion for a new trial based on newly discovered evidence where the court was not convinced that the evidence, which consisted of a statement by a codefendant, was "probably true" and where the additional evidence would

State v. Shelton

tend merely to contradict or impeach the testimony of a witness at defendant's trial.

PURPORTED appeal by defendant from *Rousseau, Judge,* 7 January 1974 Criminal Session, SURRY Superior Court.

Heard in the Court of Appeals 23 April 1974.

The defendant's conviction of safecracking was affirmed by this Court in 17 N.C. App. 694, 195 S.E. 2d 369 (1973). The defendant's petition for certiorari to the Supreme Court of North Carolina was denied on 3 May 1973, and his petition for certiorari to the United States Supreme Court was denied on 29 October 1973. On 4 January 1974, defendant filed a motion for new trial on the ground of newly discovered evidence in the Superior Court of Surry County. The previous session of Superior Court in Surry County began on 29 October 1973. With his motion defendant filed the affidavit of one Ernest Dale Smith, who was a codefendant in the trial. Smith's affidavit stated that he, Samuel Paul Martin, and Eddie Ray Spivey had committed the safecracking and not John Wayne Shelton. Eddie Ray Spivey had testifed for the State at the trial that he, John Wayne Shelton and Ernest Dale Smith had committed the safecracking. Defendant's motion for new trial was denied on the grounds that the testimony of Ernest Dale Smith would merely contradict that of Eddie Ray Spivey. Defendant gave notice of appeal. Thereafter, defendant requested an extension of time to serve his case on appeal and also requested the trial court to consider a second affidavit as grounds for granting his motion for new trial for newly discovered evidence. The second affidavit was that of one Samuel Paul Martin who stated that he, Ernest Dale Smith, and Eddie Ray Spivey, but not the defendant, had committed the safecracking. Samuel Paul Martin was at the time incarcerated in Central Prison for an unrelated offense. The trial court found that the second affidavit was filed after his ruling on the motion and thus was not filed in time to be considered. The trial court went on to hold that if it should be determined that the trial court should have considered the second affidavit, then the trial court would again deny the motion for new trial on the ground that the testimony of Samuel Paul Martin would merely contradict that of Eddie Ray Spivey. Defendant appealed.

*Attorney General Robert Morgan by Associate Attorney Archie W. Anders for the State.*

*Smith, Carrington, Patterson, Follin & Curtis by David James for defendant appellant.*

CAMPBELL, Judge.

[1]  Defendant contends that the trial court erred in denying his motion for new trial on the basis of newly discovered evidence. Appeal does not lie from a refusal to grant a new trial for newly discovered evidence. *State v. Gordon,* 15 N.C. App. 241, 189 S.E. 2d 550 (1972). We have, however, treated defendant's appeal as a petition for certiorari, which is allowed.

G.S. 15-174 reads as follows:

"The courts may grant new trials in criminal cases when the defendant is found guilty, under the same rules and regulations as in civil cases."

G.S. 1A-1, Rule 59(a), in pertinent part reads:

"A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes or grounds:

\*   \*   \*   \*

(4) Newly discovered evidence material for the party making the motion which he could not, with reasonable diligency, have discovered and produced at the trial;"

[2]  A motion for new trial on the grounds of newly discovered evidence is addressed to the sound discretion of the trial court and is not subject to review absent a showing of an abuse of discretion. *State v. Blalock,* 13 N.C. App. 711, 187 S.E. 2d 404 (1972) ; 7 Strong, N. C. Index 2d, Trial, § 49, p. 366. The trial court's refusal to consider the second affidavit was correct. The second affidavit was filed after the trial court had already ruled on defendant's motion. Rule 59(c) of the Rules of Civil Procedure provides:

"(c) *Time for serving affidavits.*—When a motion for new trial is based upon affidavits they shall be served with the motion. . . . "

The case of *State v. Casey,* 201 N.C. 620, 161 S.E. 81 (1931), sets out the prerequisites for cases involving motions for new trials on the grounds of newly discovered evidence as follows:

"1. That the witness or witnesses will give the newly discovered evidence. (Citations omitted.)

State v. Shelton

2. That such newly discovered evidence is probably true. (Citations omitted.)

3. That it is competent, material and relevant. (Citations omitted.)

4. That due diligence was used and proper means were employed to procure the testimony at the trial. (Citations omitted.)

5. That the newly discovered evidence is not merely cumulative. (Citations omitted.)

6. That it does not tend only to contradict a former witness or to impeach or discredit him. (Citations omitted.)

7. That it is of such a nature as to show that on another trial a different result will probably be reached and that the right will prevail. (Citations omitted.)"

[3] The issue here is whether the affidavit of Ernest Dale Smith, codefendant with John Wayne Shelton, tends only to contradict, impeach, or discredit Eddie Ray Spivey. Many jurisdictions refuse to hold that a trial judge abuses his discretion in denying a motion for new trial for newly discovered evidence on the basis of the recantation of a witness. Such testimony is exceedingly unreliable, and it is the duty of the trial court to deny the motion for new trial where it is not satisfied that such testimony is true, especially where the recantation involves a confession of perjury or where there is a repudiation of the recantation. See annotations at 33 A.L.R. 550, 74 A.L.R. 757, 158 A.L.R. 1062, and 51 A.L.R. 3d 907. See, also, *State v. Ellers*, 234 N.C. 42, 65 S.E. 2d 503 (1951); *State v. Roddy*, 253 N.C. 574, 117 S.E. 2d 401 (1960); *State v. Blalock, supra; State v. Chambers*, 14 N.C. App. 249, 188 S.E. 2d 54 (1972); and *State v. Bynum*, 20 N.C. App. 177, 201 S.E. 2d 93 (1973). If recantations of witnesses are suspect, so are post-trial statements by convicted codefendants. It would appear that the trial court was not, as *State v. Casey, supra*, requires, convinced that the new evidence was "probably true."

It would also appear that the affidavit of Ernest Dale Smith would tend merely to contradict or impeach the testimony of Eddie Ray Spivey. The jury has already passed on the credibility of Eddie Ray Spivey, which was strenuously attacked at

the trial. We can find no abuse of discretion. The order denying defendant's motion is affirmed.

Affirmed.

Judges MORRIS and VAUGHN concur.