STATE OF NORTH CAROLINA v. LIONELL HEATH

No. 7426SC973

(Filed 5 March 1975)

1. **Criminal Law § 62— question about lie detector test — objection sustained — no prejudice**

   In an armed robbery case, defendant was not prejudiced when the district attorney asked him on cross-examination if he had not taken a lie detector test where the court sustained an objection to the question.

2. **Criminal Law § 131— newly discovered evidence — statement by co-defendant — new trial denied**

   The trial court properly denied defendant's motion for a new trial on the ground of newly discovered evidence based on a codefendant's statement at a sentencing hearing that defendant did not participate in the robbery in question since the evidence tended only to contradict three eyewitnesses who testified for the State and it does not appear that a different result would probably be reached due to the newly discovered evidence.

APPEAL by defendant from *Falls, Judge.* Judgment entered 9 July 1974 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 11 February 1975.

Defendant was tried upon a bill of indictment charging him with armed robbery. Upon defendant's plea of not guilty, the State presented testimony from Faye Ingram, Judy Gregory, and Jack Ingram who were employees at a "Kentucky Fried Chicken" store on 2 January 1974 at approximately 8:00 o'clock p.m. At that time, according to witness Faye Ingram, three men entered the store and got in line as customers to place an order. After placing an order, one of them, identified as Willie Garnett, pulled out a shotgun and said, "This is it, let me have it, give me that, give me all that money." Garnett went around behind the counter along with a second unidentified man who was carrying a pistol. Defendant kept his hands in his pockets and did not appear to have a weapon. Garnett took the money from a safe in the store, handed it to defendant, and the three of them left.

The State introduced into evidence photographs taken during the robbery by an automatic system in the store. They were admitted for the purpose of illustrating testimony, and each witness for the State identified defendant as appearing in some of the photographs. Each employee identified defendant as participating in the robbery. About one thousand dollars was taken.

Defendant took the stand and denied that he was in the store on 2 January 1974 at the time of the robbery. He testified that he was at another store with a friend and denied having known Garnett at the time of the robbery. In addition, defendant stated that he lived only two blocks from the "Kentucky Fried Chicken" store and frequently traded there before and after 2 January 1974.

The jury found defendant guilty as charged, and from a judgment imposing a prison sentence, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General James E. Magner, Jr., and Associate Attorney Wilton E. Ragland, Jr., for the State.*

*Hamel, Cannon & Hamel, by I. Manning Huske, for defendant appellant.*

MARTIN, Judge.

[1] In cross-examination of defendant, the district attorney asked, "You took a lie detector test, didn't you?" Counsel for defendant immediately interposed an objection which was properly sustained. It is argued that the question itself was suffi-

cient to justify a new trial for it was made with the purpose of getting prejudicial matter before the jury and left them with the idea that defendant had failed a lie detector test. In *State v. Foye,* 254 N.C. 704, 120 S.E. 2d 169 (1961) the Court held that the results of a polygraph test are not admissible in evidence to establish the guilt or innocence of one accused of a crime. *State v. Carey,* 285 N.C. 509, 206 S.E. 2d 222 (1974) ; *State v. Pope,* 24 N.C. App. 217, 210 S.E. 2d 267 (1974). While we strongly disapprove of the district attorney's question, we fail to see how it could have possibly affected the outcome of this case.

[2]   In his next assignment of error, defendant contends the trial court erred in denying his motion for a new trial based upon newly discovered evidence. The motion states in part:

> "That since said verdict was entered, the defendant has discovered new evidence material to his defense which with reasonable diligence could not have been discovered and produced at trial, namely, that one John Willie Garnett who had been indicted as a codefendant with Lionell Heath for the crime of armed robbery and had entered a plea of guilty prior to the trial of Lionell Heath but was not sentenced until after the trial of Lionell Heath, stated in open court at such sentencing that Lionell Heath had not participated in the robbery for which he had been indicted."

A motion for new trial based upon newly discovered evidence is addressed to the sound discretion of the trial court and is not subject to review absent a showing of an abuse of discretion. *State v. Shelton,* 21 N.C. App. 662, 205 S.E. 2d 316 (1974). Quoting from *State v. Casey,* 201 N.C. 620, 161 S.E. 81 (1931), the Court in *State v. Shelton, supra,* set out the prerequisites for cases involving motions for new trials on the grounds of newly discovered evidence as follows:

> "1. That the witness or witnesses will give the newly discovered evidence. (Citations omitted.)

> 2. That such newly discovered evidence is probably true. (Citations omitted.)

> 3. That it is competent, material and relevant. (Citations omitted.)

4. That due diligence was used and proper means were employed to procure the testimony at trial. (Citations omitted.)

5. That the newly discovered evidence is not merely cumulative. (Citations omitted.)

6. That it does not tend only to contradict a former witness or to impeach or discredit him. (Citations omitted.)

7. That it is of such a nature as to show that on another trial a different result will probably be reached and that the right will prevail. (Citations omitted.)"

It would appear that the last two prerequisites have not been met. Garnett's testimony would only tend to contradict three eyewitnesses who testified for the State. Furthermore, it does not appear that a different result would probably be reached due to the newly discovered evidence. In the trial court's denial of defendant's motion for a new trial we find no abuse of discretion.

Defendant's remaining assignment of error lacks merit.

No error.

Judges VAUGHN and ARNOLD concur.