State v. Hammock

———————

STATE OF NORTH CAROLINA v. ELWOOD HAMMOCK

No. 7413SC1036

(Filed 5 March 1975)

Criminal Law § 131— new trial for newly discovered evidence — victim's opinion defendant was insane

    In a case in which defendant was convicted of assaulting a law officer, the court did not abuse its discretion in the denial of defendant's motion for a new trial on the ground of newly discovered evidence based on the prosecuting witness's opinion formed after the trial that defendant did not know the difference between right and wrong at the time of the assault.

APPEAL by defendant from *Canaday, Judge.* Order entered 17 September 1974 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 18 February 1975.

This is an appeal from an order denying defendant's motion for a new trial on the grounds of newly discovered evidence.

The defendant was charged, tried, convicted, and sentenced in the Superior Court of Brunswick County with feloniously assaulting Richard W. Edwards, a law enforcement officer (Deputy Sheriff) in violation of G.S. 14-34.2. On appeal, this court in a decision reported in 22 N.C. App. 439, 206 S.E. 2d

773 (1974) found no error in the defendant's trial. In 285 N.C. 665, 207 S.E. 2d 759 (1974), the supreme court denied the defendant's petition for writ of certiorari.

After reviewing the record of defendant's trial and the evidence offered at the hearing, the trial court denied the motion and the defendant appealed.

*Attorney General Edmisten by Assistant Attorney General Keith L. Jarvis and Associate Attorney James Wallace, Jr., for the State.*

*Smith, Carrington, Patterson, Follin & Curtis by J. David James and Murchison, Fox & Newton by Carter T. Lambeth for defendant appellant.*

HEDRICK, Judge.

Defendant contends Judge Canaday abused his discretion and erred as a matter of law in denying his motion for a new trial on the grounds of newly discovered evidence. Appeal does not lie from a refusal to grant a new trial for newly discovered evidence. *State v. Shelton,* 21 N.C. App. 662, 205 S.E. 2d 316 (1974); *State v. Gordon,* 15 N.C. App. 241, 189 S.E. 2d 550 (1972); *State v. Thomas,* 227 N.C. 71, 40 S.E. 2d 412 (1946); *State v. Ferrell,* 206 N.C. 738, 175 S.E. 91 (1934). We have, however, treated defendant's appeal as a petition for writ of certiorari, which is allowed.

G.S. 15-174 reads as follows:

"The courts may grant new trials in criminal cases when the defendant is found guilty, under the same rules and regulations as in civil cases."

G.S. 1A-1, Rule 59 (a), in pertinent part reads:

"A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes or grounds:

\*    \*    \*

(4) Newly discovered evidence material for the party making the motion which he could not, with reasonable diligence, have discovered and produced at the trial;"

A motion for new trial on the grounds of newly discovered evidence is addressed to the sound discretion of the trial court

and is not subject to review absent a showing of an abuse of discretion. *State v. Shelton, supra.* The record discloses that at his trial the defendant offered evidence tending to show that he was insane and did not know the difference between right and wrong at the time of the alleged assault upon Deputy Sheriff Edwards. At the hearing on the motion, Edwards testified that at the time of defendant's trial he did not know the defendant well enough to form an opinion as to his mental condition at the time of the assault but that after the trial he has become better acquainted with the defendant and that he is presently of the opinion that the defendant did not know "the nature and quality of his act" and that he (defendant) was "messed up" when he pulled the gun on him. Defendant now contends as he did in the superior court that the ability of the prosecuting witness now to testify that in his opinion the defendant was insane and did not know the difference between right and wrong at the time of the alleged assault constitutes newly discovered evidence entitling him to a new trial. Suffice it to say, we have reviewed the entire record and hold that the defendant has not shown any abuse of discretion in the trial court's denial of his motion for a new trial.

Affirmed.

Judges PARKER and CLARK concur.